**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANA GAZDIKOVA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | Nos. 08-72247<br>        09-71871<br><br>Agency No. A078-074-876<br><br><br>MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:      FARRIS, LEAVY, and BYBEE, Circuit Judges.

   In these consolidated petitions for review, Jana Gazdikova, a native and

citizen of the Czech Republic, petitions for review of the Board of Immigration

Appeals' ("BIA") orders dismissing her appeal from an immigration judge's ("IJ")

---

   [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal order and denying her motion to reopen. We have jurisdiction under

8 U.S.C. § 1252. We review for substantial evidence whether Gazdikova is

removable. *Nakamato v. Ashcroft*, 363 F.3d 874, 881-82 (9th Cir. 2004). We

review for abuse of discretion the denial of a continuance, *Sandoval-Luna v.*

*Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam), and the denial of a

motion to reopen, and review de novo constitutional questions, including claims of

ineffective assistance of counsel, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92

(9th Cir. 2005). We deny the petitions for review.

Substantial evidence supports the agency's conclusion that Gazdikova

entered her marriage for the purpose of procuring an immigration benefit where

Gazdikova's former U.S. citizen-spouse testified that their marriage was

fraudulent, that he married Gazdikova in exchange for a room in her residence and

for remuneration, and that they co-habitated as roommates. *See Nakamato*, 363

F.3d at 882 (relevant inquiry is whether parties intended to establish a life together

at the time of marriage).

The IJ did not abuse her discretion in denying a continuance where

Gazdikova failed to show good cause. *See* 8 C.F.R. § 1003.29 (IJ may grant a

motion for a continuance for good cause shown); *Baires v. INS*, 856 F.2d 89, 92-93

(9th Cir. 1988). It follows that Gazdikova's due process claim fails. *See Lata v.*

*INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a petitioner to prevail on a due process claim).

The BIA did not abuse its discretion in denying Gazdikova's motion to reopen because she failed to establish that her former attorney's alleged ineffective assistance resulted in prejudice, *see Mohammed*, 400 F.3d at 793-94 (to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate prejudice), and because the BIA adequately reasoned that reopening to apply for a waiver under 8 U.S.C. § 1227(a)(1)(H) was not warranted, *see Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law.").

**PETITIONS FOR REVIEW DENIED.**